IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALLERGAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOTEX INC., APOTEX CORP., SANDOZ, INC., and HI-TECH PHARMACAL CO., INC., <br><br> Defendants. | 1:12-CV-247 |
| ALLERGAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOTEX INC., APOTEX CORP., SANDOZ, INC., HI-TECH PHARMACAL CO., INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., WATSON PHARMA, INC., <br><br> Defendants. | 1:13-CV-16 |

## FINAL JUDGMENT

WHEREAS, defendant Apotex Inc. submitted Abbreviated New Drug Application ("ANDA") No. 201894 ("Apotex Inc.'s ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, and sell 0.03% bimatoprost ophthalmic solution;

WHEREAS, Apotex Inc.'s ANDA contains a "Paragraph IV certification" to Plaintiff Allergan, Inc.'s U.S. Patent Nos. 8,038,988 B2 ("the '988 patent"), 8,101,161

B2 ("the '161 patent"), and 8,263,054 B2 ("the '054 patent"), which are listed in the FDA's Orange Book in connection with Latisse® (bimatoprost ophthalmic solution) 0.03%;

WHEREAS, plaintiff instituted these actions against defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex") asserting and alleging infringement of the '988, '161, and '054 patents;

WHEREAS, on June 10, 2014, the United States Court of Appeals for the Federal Circuit issued its Opinion and Judgment finding, *inter alia*, asserted claim 14 of U.S. Patent No. 7,351,404 B2 ("the '404 patent") invalid as obvious;

WHEREAS, on September 19, 2014, the Federal Circuit issued its mandate implementing its June 10, 2014 Opinion and Judgment;

WHEREAS, the '988, '161, and '054 patents claim priority to, and substantially the same subject matter as, invalid '404 patent claim 14;

WHEREAS, Apotex has moved this Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and for attorney fees;

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. Judgment is entered in favor of Apotex and against plaintiff on all of plaintiff's claims alleging infringement of the '988 and '161 patents in Civil Action No. 12-CV-247 and on all of plaintiff's claims alleging infringement of the '054 patent in Civil Action No. 13-CV-16;

2. Judgment is entered in favor of Apotex and against plaintiff on all of Apotex's counterclaims alleging invalidity and non-infringement of the '988 and '161

2

Case 1:12-cv-00247-CCE-LPA   Document 114   Filed 01/14/15   Page 2 of 3

patents in Civil Action No. 12-CV-247 and on all of Apotex's counterclaims alleging invalidity and non-infringement of the '054 patent in Civil Action No. 13-CV-16;

3. The '988, '161, and '054 patents are declared and adjudged invalid as obvious under 35 U.S.C. § 103;

4. Allergan is collaterally estopped from asserting the '988, '161, and '054 patents against Apotex or contesting the invalidity of those patents;

5. This case is not "exceptional" pursuant to 35 U.S.C. § 285 and the Court in its discretion declines to award Apotex reasonable attorney fees in connection with defending these actions;

6. Each party shall bear its own costs.

**SO ORDERED.**

This 14th day of January, 2015.

                                                 UNITED STATES DISTRICT JUDGE